*1106 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Remy F. Gross, II, a suspended attorney.[1]
UNDERLYING FACTS
In 1987, respondent handled a legal matter for Joyce LeBoeuf. During the representation, respondent asked Mrs. LeBoeuf to loan him $25,000 for a business venture in which he was involved. Respondent told Mrs. LeBoeuf that he would repay the loan with interest in three months. On September 25, 1987, Mrs. LeBoeuf gave respondent a check in the amount of $25,000. Respondent failed to reduce to writing the terms of the loan transaction. He also failed to advise Mrs. LeBoeuf that, prior to entering into the agreement, she was entitled to seek the advice of independent counsel in the transaction. Respondent did not repay the loan to Mrs. Le-Boeuf. In September 2000, Mrs. LeBoeuf filed a complaint against him with the ODC.
| .DISCIPLINARY PROCEEDINGS

Formal Charges

On May 31, 2002, the ODC filed one count of formal charges against respon *1107 dent, alleging that his conduct in the LeBoeuf matter violated the following provisions of the Louisiana Rules of Professional Conduct: Rules 1.8(a) (conflict of interest/prohibited transactions between a lawyer and a client), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The formal charges were served upon respondent by certified mail received on June 6, 2002.[2]
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.

Hearing Committee Recommendation

Noting the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3), the hearing committee agreed that respondent violated the Rules of Professional Conduct as charged. After consideration of the ODC’s submission in response to the deemed admitted order,[3] the committee concluded that respondent had an actual conflict of interest with Mrs. LeBoeuf, and that he does not intend to repay the money he [^borrowed from his client. Considering respondent’s pattern of misconduct in taking advantage of the attorney-client relationship, and the other aggravating factors present, including respondent’s prior disciplinary offenses,[4] dishonest or selfish motive, substantial experience in the practice of law (admitted 1962), and indifference to making restitution, the committee recommended that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board agreed that the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3), and found respondent violated Rules 1.8(a) and 8.4(a) of the Rules of Professional Conduct. The board found that standing alone, the deemed admitted facts are insufficient to establish that respondent engaged in dishonest or deceitful conduct; accordingly, the board declined to find a violation of Rule 8.4(c). The board determined that respondent knowingly violated duties owed to his client, and that he caused damage to his client by depriving her of funds for more than fifteen years. The board agreed the record does not support a finding of any mitigating factors, and generally concurred in the aggravating factors cited by the committee. Accordingly, the board recommended respondent be disbarred. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the *1108 date of finality of the court’s judgment until paid.
14Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts support the conclusion that respondent borrowed $25,000 from Mrs. LeBoeuf without complying with the safeguards afforded her by the Rules of Professional Conduct. Respondent borrowed the money in 1987 and as of the date of the filing of the formal charges — -some fifteen years later— had not repaid one penny of the loan. Such conduct violates the Rules of Professional Conduct as charged in the formal charges. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent has demonstrated a pattern and practice of entering into improper business transactions with his clients. The baseline sanction for this misconduct is clearly disbarment. There are no mitigating factors present in this case; however, significant aggravating factors exist, the most serious of which are respondent’s prior disciplinary offenses, substantial experience in the practice of law, and indifference to making restitution. Under these circumstances, there is no reason to deviate from the baseline sanction. Respondent must be disbarred.
| .DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Remy F. Gross, II, Louisiana Bar Roll number 6354, be disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall pay restitution to Joyce LeBoeuf in the amount of $25,000 plus legal interest. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In 1992, respondent was suspended from the practice of law for two years for entering into improper business transactions with two clients, misleading a third party, and commingling client funds. In re: Gross, 594 So.2d 1304 (La.1992). In 1993, this court accepted a petition for consent discipline extending respondent's two-year suspension for an additional year. In re: Gross, 617 So.2d 1173 (La.1993). Respondent did not seek reinstatement following his suspension, and accordingly, he remains suspended from the practice of law.

. The return receipt card was signed by respondent personally.

. Respondent filed nothing for the hearing committee's consideration.

. In addition to the suspensions previously discussed, respondent was publicly reprimanded by this court in 1991 for failing to place client funds into a trust account, entering into an improper business transaction with a client, and charging an excessive legal fee. Louisiana State Bar Ass’n v. Gross, 576 So.2d 504 (La.1991).